X FILED ___ LODGED
___ RECEIVED ___ COPY

MAR - 5 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>1. Roman Avezov (Counts 1-21);<br>2. Bradley Sean Casper (Counts 1-21);<br>3. Kristoffer Kjelby (Counts 1-21);<br>4. Austin Lorenzo Gaysue (Counts 1-21); and<br>5. Jordan Haley (Counts 1, 7-11 and 17-21);<br><br>    Defendants. | CR-13-00320-PHX-ROS (BSB)<br><br>**I N D I C T M E N T**<br><br>VIO:  21 U.S.C. § 846 & 18 U.S.C. § 2<br>(Conspiracy and Aid and Abet)<br>Count 1<br><br>21 U.S.C. § 841(a)(1), (b)(1)(C)<br>& 18 U.S.C. § 2<br>(Possess with Intent to Distribute a Schedule II Controlled Substance and Aid and Abet)<br>Counts 2-11<br><br>21 U.S.C. § 843(a)(3)<br>& 18 U.S.C. § 2<br>(Obtain a Schedule II Controlled Substance by Fraud and Aid and Abet)<br>Counts 12-21<br><br>21 U.S.C. § 853<br>(Criminal Forfeiture) |

THE GRAND JURY CHARGES:

**INTRODUCTION**

At all times material to this Indictment:

1.    Oxycodone was classified as a Schedule II Controlled Substance pursuant to Title 21, United States Code, Section 812 and Title 21, Code of Federal Regulations, Section 1308.12.

1

2.  In order to prescribe a Schedule II controlled substance, a medical practitioner was required to apply for and receive from the Drug Enforcement Administration ("DEA") a DEA registration number pursuant to Title 21, United States Code, Sections 821, 822(a)(2) and Title 21, Code of Federal Regulations, Section 1306.03.

3.  In order to legally obtain Oxycodone from a pharmacist, an individual was required to have a valid written prescription from a medical practitioner with a valid DEA registration number pursuant to Title 21, United States Code, Sections 353(b) and 829(a) and Title 21, Code of Federal Regulations, Section 290.1.

## COUNT 1

### (Conspiracy and Aid and Abet)

### 21 U.S.C. § 846 and 18 U.S.C. § 2

4.  The factual allegations in paragraphs 1 through 3 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

5.  Beginning on a date unknown to the grand jury, but no later than in or about March 2010, and continuing until in or about April 2011, in the District of Arizona and elsewhere, defendants ROMAN AVEZOV ("AVEZOV"), BRADLEY SEAN CASPER ("CASPER"), KRISTOFFER KJELBY ("KJELBY"), AUSTIN LORENZO GAYSUE ("GAYSUE"), JORDAN HALEY ("HALEY") and others known and unknown to the Grand Jury (collectively referred to herein as "the group") did knowingly and willfully conspire to:

    a.  distribute, dispense, and possess with intent to distribute and dispense Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and

    b.  acquire or obtain possession of Oxycodone, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception and subterfuge in violation of Title 21, United States Code, Section 843(a)(3).

///

## NATURE AND PURPOSE OF THE CONSPIRACY

6. The purpose of the conspiracy was to profit from the sale of Oxycodone obtained through the use of forged prescriptions.

## ROLES

7. AVEZOV led this conspiracy that involved acquiring Oxycodone through the use of forged prescriptions for later sale to street-level users. Among other things, AVEZOV recruited participants, planned and funded the group's operations, provided supplies, paid his co-conspirators for their work, collected the Oxycodone and arranged for its distribution.

8. Unindicted co-conspirators J.R. and C.D. were second-level leaders of the group. Among other things, they directed operations when AVEZOV was not traveling with the group, printed prescriptions and monitored police scanners while other members of the group were filling fraudulent prescriptions.

9. CASPER, and others known and unknown to the Grand Jury, rented cars for the group when they traveled and helped fill forged prescriptions.

10. GAYSUE, KJELBY, HALEY, and others known and unknown to the Grand Jury helped fill forged prescriptions.

## MANNER AND MEANS OF THE CONSPIRACY

11. While in the District of Arizona, the group acquired security paper that was later used to print the forged prescriptions.

12. While in the District of Arizona, AVEZOV chose various locations within the United States (including the District of Arizona) to which he sent groups of his co-conspirators to fill fraudulent oxycodone prescriptions.

13. In the District of Arizona, unindicted co-conspirator M.S. created false driver's licenses for the individuals who would pass the forged prescriptions using the individual's passport photo and fictitious biographical information. M.S. generally created one driver's license for each fraudulent prescription that was to be passed and created others for various other uses as needed.

14. If traveling out of state, the group would either rent a vehicle or vehicles in Arizona and drive to the predetermined location, or fly to the location and rent vehicles once they arrived.

15. Once at an out-of-state destination, the group typically rented one or more motel rooms using false driver's licenses created by M.S.

16. The group created prescriptions for 30 milligram Oxycodone tablets. Typically the prescriptions were for 180 tablets, but sometimes they were for 150 tablets.

17. To ensure that the pharmacies could not contact the "prescribing" physicians to verify the prescriptions, the group generally filled prescriptions on evenings and weekends. Various members of the group looked up and called doctors' offices in the target area to determine whether they had an after-hours answering service. The doctors who did not have an answering service were chosen as the "prescribing" physicians. The "prescribing" physicians' DEA registration numbers were then obtained via a subscription-only website to which AVEZOV had access.

18. The group often worked in teams of two: one "driver" and one "filler." The driver would take the filler from one pharmacy to the next and look out for police activity while the filler went into the pharmacy to fill the prescriptions. There were typically two to three teams on every out-of-state trip.

19. At least one member of the group, typically AVEZOV, J.R. and/or C.D. would remain at the motel to monitor police radios via the internet.

20. Once the Oxycodone tablets were obtained, they were compiled and transported back to Arizona by one or more of the co-conspirators. Ultimately, they were given to AVEZOV who typically distributed and/or sold the pills to other co-conspirators for further distribution/sale to the ultimate users.

21. From on or about May 16, 2010 through on or about October 15, 2010, various members of the group passed forged prescriptions for Oxycodone in Arizona.

22. On or about the following dates, various members of the group traveled from Arizona to the following locations in order to acquire Oxycodone for later sale through the use of forged prescriptions:

| Dates | State |
|---|---|
| 03/04/10 - 03/08/10 | Utah |
| 04/22/10 - 04/27/10 | Oklahoma |
| 05/13/10 - 05/19/10 | Colorado |
| 05/21/10 - 05/24/10 | Oregon |
| 06/02/10 - 06/08/10 | Washington |
| 06/11/10 - 06/14/10 | Nevada |
| 11/12/10 - 11/14/10 | Oregon |
| 12/03/10 - 12/06/10 | Virginia |
| 03/11/11 - 03/14/11 | Colorado |

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNTS 2-11

**(Possess with Intent to Distribute Oxycodone and Aid and Abet)**

**21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2**

23. The factual allegations in paragraphs 1 through 3 and 6 through 22 are incorporated by reference and re-alleged as though set forth fully herein.

24. On or about the dates set forth below, each date constituting a separate Count of this Indictment, in the District of Arizona, the defendants listed below and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally possess with the intent to distribute Oxycodone, a Schedule II controlled substance.

/ / /

/ / /

/ / /

5

| Count | Defendants | Date Filled | Pharmacy/ Location | Quantity | "Patient" Name and DOB | Doctor Name |
|---|---|---|---|---|---|---|
| 2 | AVEZOV CASPER KJELBY GAYSUE | 5/16/10 | Target 7409 W. Virginia Ave., Phoenix, AZ | 180 30mg Oxycodone | Molly Clemency 10/2/87 | B.S. |
| 3 | AVEZOV CASPER KJELBY GAYSUE | 6/1/10 | Osco 3130 W. Carefree Hwy., Phoenix, AZ | 180 30mg Oxycodone | Bryan Beck 10/2/87 | B.S. |
| 4 | AVEZOV CASPER KJELBY GAYSUE | 7/9/10 | CVS 506 N. Miller Valley Rd., Prescott, AZ | 150 30mg Oxycodone | Jason P. Stairs 5/2/84 | D.R.C. |
| 5 | AVEZOV CASPER KJELBY GAYSUE | 8/5/10 | Walgreens 4249 W. Glendale Ave., Phoenix, AZ | 150 30mg Oxycodone | Brian T. Patrick 5/2/84 | J.W.V. |
| 6 | AVEZOV CASPER KJELBY GAYSUE | 8/10/10 | CVS 360 N. Val Vista, Mesa, AZ | 150 30mg Oxycodone | Danielle Pickrell 11/13/85 | D.R.C. |
| 7 | AVEZOV CASPER KJELBY GAYSUE HALEY | 8/22/10 | Target 15444 N. Frank Lloyd Wright Blvd., Scottsdale, AZ | 150 30mg Oxycodone | Amanda Moser 11/13/87 | J.H.M. |
| 8 | AVEZOV CASPER KJELBY GAYSUE HALEY | 8/27/10 | Walgreens 2811 E. Broadway, Mesa, AZ | 150 30mg Oxycodone | Allison Miller 11/13/87 | D.R.C. |
| 9 | AVEZOV CASPER KJELBY GAYSUE HALEY | 8/27/10 | Osco 1951 W. Baseline Rd., Mesa, AZ | 150 30mg Oxycodone | Alicia Nieb 11/13/87 | D.R.C. |
| 10 | AVEZOV CASPER KJELBY GAYSUE HALEY | 9/30/10 | Target 24890 N. Lake Pleasant Pkwy., Peoria, AZ | 150 30mg Oxycodone | Dustin T. King 5/2/84 | D.R.C. |

| 11 | AVEZOV CASPER KJELBY GAYSUE HALEY | 10/4/10 | Osco 5040 W. Cactus Rd., Glendale, AZ | 150 30mg Oxycodone | Alison Marshall 11/13/87 | J.H.M. |

All in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(C), Title 18, United States Code, § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNTS 12-21

### (Obtain Oxycodone by Fraud and Aid and Abet)

### 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2

25.  The factual allegations in paragraphs 1 through 3 and 6 through 22 are incorporated by reference and re-alleged as though set forth fully herein.

26.  On or about the dates set forth below, each date constituting a separate Count of this Indictment, in the District of Arizona, the defendants listed below and others known and unknown to the Grand Jury, knowingly and intentionally acquired and obtained possession of Oxycodone, a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception and subterfuge, to wit, by presenting forged prescriptions for Oxycodone to pharmacies.

| Count | Defendants | Date Filled | Pharmacy/ Location | Quantity | "Patient" Name and DOB | Doctor Name |
|---|---|---|---|---|---|---|
| 12 | AVEZOV CASPER KJELBY GAYSUE | 5/16/10 | Target 7409 W. Virginia Ave., Phoenix, AZ | 180 30mg Oxycodone | Molly Clemency 10/2/87 | B.S. |
| 13 | AVEZOV CASPER KJELBY GAYSUE | 6/1/10 | Osco 3130 W. Carefree Hwy., Phoenix, AZ | 180 30mg Oxycodone | Bryan Beck 10/2/87 | B.S. |
| 14 | AVEZOV CASPER KJELBY GAYSUE | 7/9/10 | CVS 506 N. Miller Valley Rd., Prescott, AZ | 150 30mg Oxycodone | Jason P. Stairs 5/2/84 | D.R.C. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 15 | AVEZOV CASPER KJELBY GAYSUE | 8/5/10 | Walgreens 4249 W. Glendale Ave., Phoenix, AZ | 150 30mg Oxycodone | Brian T. Patrick 5/2/84 | J.W.V. |
| 16 | AVEZOV CASPER KJELBY GAYSUE | 8/10/10 | CVS 360 N. Val Vista, Mesa, AZ | 150 30mg Oxycodone | Danielle Pickrell 11/13/85 | D.R.C. |
| 17 | AVEZOV CASPER KJELBY HALEY GAYSUE | 8/22/10 | Target 15444 N. Frank Lloyd Wright Blvd., Scottsdale, AZ | 150 30mg Oxycodone | Amanda Moser 11/13/87 | J.H.M. |
| 18 | AVEZOV CASPER KJELBY GAYSUE HALEY | 8/27/10 | Walgreens 2811 E. Broadway, Mesa, AZ | 150 30mg Oxycodone | Allison Miller 11/13/87 | D.R.C. |
| 19 | AVEZOV CASPER KJELBY GAYSUE HALEY | 8/27/10 | Osco 1951 W. Baseline Rd., Mesa, AZ | 150 30mg Oxycodone | Alicia Nieb 11/13/87 | D.R.C. |
| 20 | AVEZOV CASPER KJELBY GAYSUE HALEY | 9/30/10 | Target 24890 N. Lake Pleasant Pkwy., Peoria, AZ | 150 30mg Oxycodone | Dustin T. King 5/2/84 | D.R.C. |
| 21 | AVEZOV CASPER KJELBY GAYSUE HALEY | 10/4/10 | Osco 5040 W. Cactus Rd., Glendale, AZ | 150 30mg Oxycodone | Alison Marshall 11/13/87 | J.H.M. |

All in violation of Title 21, United States Code, Section 843(a)(3), Title 18, United States Code § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## FORFEITURE ALLEGATIONS

27.     The allegations contained in Counts 1-21 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21 United

1 | States Code, Section 853.

2 |     28.    Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C), and 843(a)(3) the defendants, AVEZOV, CASPER, KJELBY, HALEY, and GAYSUE, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following: a money judgement in the amount of at least $692,000.

    29.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

///
///
///
///
///
///
///
///
///

1  the United States of America shall be entitled to forfeiture of substitute property pursuant to
2  Title 21, United States Code, Section 853(p).

        A TRUE BILL

                                        /s/
                                        FOREPERSON OF THE GRAND JURY
                                        Date: March 5, 2013

JOHN S. LEONARDO
United States Attorney
District of Arizona


 /s/
JENNIFER LEVINSON
PETER SEXTON
Assistant U.S. Attorneys

10